Our fourth case for this morning is the United States v. William Thomas. Mr. Kennedy. Good morning, Your Honors. This is a case about the government trying to take the judiciary out of the Fourth Amendment function that the judiciary has to protect the public against unreasonable searches and seizures. And the reason I say that is because this is a case where an informant was used, but the background of the informant was not given to the reviewing magistrate. And when I say not given, I mean I'm acknowledging that the warrant says in provided to the magistrate. And that, though, is not actually providing the magistrate with the information about the informant. But, you know, it appeared to me from this record that there was a great deal of information about this informant. Some of it influential, the details about Thomas' apartment, what And so on. And then, to the point that we have stretched off, that the informant appears before the issuing judge, that kind of face-to-face confrontation you said, shows that, you know, we know who you are, and we can find you if you're not being frank with us. The only thing that doesn't seem to have been told to the judge is the exact benefit the informant gets, total karma. Well, the first response I'd make is that in the Glover case itself, it says that where there's no record that any questions were actually asked, it won't be assumed that questions were asked. And here there is no record that any questions were asked at all. But there is a record that the informant was there. Yes. That is, I agree. But this is a case where the, it's an informant case for a search warrant, and it knows we have gates, which tell us the court has to consider the totality of the circumstances. And the totality we only know is that the warrant says at the time, there wasn't that information in the complaint for the warrant. And I can, I would suggest to the court that the officer who wrote this was fully aware of the Glover case and thought we are not presenting directly the magistrate with the information about an informant who perhaps has a very unsavory background as to truth. That is, and in Glover, I would point out that the problem faced by the, in this failure to provide information, is that failure to provide information about an informant can be so strong that it overwhelms the other factors. What the court does, or what the issuing judge does know, though, is that this informant knows details about Thomas' apartment, knows about Thomas' membership in the four-corner hustler gang, knows about the guns, knows that they're real, there's a prior arrest report matching up, you know, a lot of these things, physical description, man affiliation, age, residence. I'm not sure that means that the judge thinks that this informant is a saint. Well, I don't understand how the court can make the assumption that the judge then knows the background of this informant. No, but I'm not assuming that, but enough to think, is the information this person is passing along sufficient to support a finding of probable cause? That's the question. It's not being everything in the world about that person. Well, that actually is an interesting point of view, in that when one considers, does it have to be the truth on the specific information that's provided? Anybody could say that anybody has a gun in their house, has a gun in the pocket of a coat, lives in an apartment at a certain address. There's nothing, that's one of the troubling things about specificity. And then when we go back to question the validity of the warrant, it's what's considered by the magistrate at the time. There's no going and saying, well, they didn't find a gun, they found a pistol, they found a shotgun, the gun was on the counter instead of in the apartment, isn't really the answer to the question, because we're limited in where we can go. So I would again go back to that principle in Gates, that where it is an informant, it is necessary to show the reliability. It is necessary to show the reasons that he can't be believed or that he can be believed. And that is where the trouble is. The other thing that happened in this case is that in this case, the government refused to produce any of the information about the informant to the district court judge. The government in this case has twice taken a judiciary out of the determination of whether there was a Fourth Amendment violation. It has first taken a judiciary out at the magistrate level when the warrant was issued. It has again taken the judiciary out from Fourth Amendment review when it's in the district court on a motion to suppress. I will mention to this appellate court that I filed a motion to strike a portion of the brief because the government has now, to the appellate court at the improper time, produced to the appellate court the records of the informant. These are things that should have been produced at the trial level for the factual determination of whether there was probable cause. It should have been produced to the magistrate. I would again point to another observation. May I just mention also that there was no triggering, the idea of triggering information in a warrant application to inform someone that there's something to look out for. That was missing. I point out the court's previous observation in Glover that if this were a trial in Glover, it would have amounted to a Brady violation. And that's all I can say. Thank you. Okay, thank you. May it please the court, Andrea Anacostanek on behalf of the United States. The district court in this case correctly determined that the affidavit in support of the search warrant contains specific, detailed, and corroborated observations of a confidential informant that is not what Glover requires. Glover stated that the issuing state court judge needs to be given a meaningful opportunity to exercise his or her discretion to draw favorable or unfavorable conclusions. The issuing judge in this case was provided. I do not know whether the name of the confidential informant was provided. The record does not indicate that. What the record does indicate on the face of the search warrant is that the issuing judge was provided with a copy of the criminal history of that confidential informant, that that was presented to the issuing judge. A reasonable inference from that is that that criminal history was considered. And weighing that against the specific and detailed information in the affidavit, that the issuing judge reasonably found probable cause to support that search warrant. Can you say that one more time? Yes, Your Honor. The affidavit does detail certain corroborating steps that the detective took to corroborate the information, including identifying an individual that met the certain identifying information provided by the confidential informant, the nickname, the place of residence, the detective also drove the confidential informant to the neighborhood that had been identified where the confidential informant pointed out the specific apartment that ultimately was searched. There was an argument made by the defense about the government taking the district court out of the Fourth Amendment inquiry as well, depriving the judiciary of the ability to initiate the proper inquiry in question here. What the district court needs to be able to do is to assess whether there was a substantial basis for the probable cause determination by the issuing judge. The district court had sufficient information to be able to do that on the face of the warrant as well as the pleadings and the briefing that was provided in the district court. At the end of his argument, the defendant also mentioned a Brady violation citing certainly newly disclosed information that he argued should have been provided in the district court. The government acknowledges that there was certain information that out of an abundance of caution should have been provided to the defense at an earlier time, which is why we would not oppose remand. It does appear that the defense does not seek a remand in this case to further litigate those issues. The government's position continues to be that that information would not be material to a determination of whether there was probable cause to support this search warrant. Yeah, I was a little confused by that part of your brief actually. It starts on page 26 where you're going through this traffic problem that the informant had. So I take it your primary position is that this was not material enough to warrant any further proceedings even if maybe he might have disclosed it before? There are two pieces of information that were disclosed while this case was pending on appeal. One is with regards to the confidential informant receiving a ticket that ultimately brought him into a place where he was interviewed by the detective and the proceedings began. The other is that his car was not towed at that point even though it was eligible to be towed. The government's position is that this was appropriate to be disclosed once we made that realization while the case was pending on appeal so that the defense counsel had the opportunity to consider and to litigate if he wanted to the materiality of that information. Neither of those pieces of information in the government's view materially would affect whether there was probable cause in support of the search warrant. It's not impeaching information that would have made a difference to whether this search warrant should have been issued. If the defense wants a remand in order to pursue these arguments back in the district court to allow for a more fully developed factual record, the government wouldn't oppose it. If there are no further questions, the government would ask that the court affirm the judgment to the district court. All right, thank you very much. Maybe you can start by telling me how material you think this additional information in page 0.6 and 0.7 is. I think it's very material. I have trouble with the idea of arguing an evidentiary question in front of the appellate court, but I can immediately say that yes, I think it's extremely important because it goes to reliability. It shows us that the individual has never before been used as an informant. He has no track record. It shows us his gang affiliation, which is contrary to the gang affiliation of the defendant appellant, which raises the question of, well, is there a grudge between these two? Are they fighting over the same drug territory? You get back to your first point, everybody has to have a personal. I mean, an informant is all informants. Sure. He's never argued before or made a statement before, but somebody has. Sure, but it's something to consider. It's part of the fact question of, is this informant reliable? If he's never informed before, then I would think he'd be considered to be someone to be looked at more carefully. If he has a background of many pieces of information that are good, then that's something that supports him. It's part of the totality of the circumstances. So where's this new information about gangs? Maybe I'm just not looking at the right things. At 26, 27, it's all about receiving a benefit, so to speak, for giving information to law enforcement and the benefit being not detoned and those kind of things. Where's the information about a gang? There is no record that I can cite, Your Honor, but the papers given to me by the prosecutor indicated the gang of this informant, which is a different gang from the gang alleged for William Thomas. So there's actually more than just what we're seeing here. Yes, there is, Judge, and there are a ton of arrests. There are a ton of convictions. I can't remember exactly what is distinguished from the brief and the papers that I received, which, again, is a problem of receiving this kind of thing for evidentiary matter before the court. I guess those are the main – oh, payment. I think I mentioned that. The accepted main concerns in evaluation of credibility of an informant. So with that, I really don't believe I can say much else in support of Mr. Thomas. All right. Thank you very much. You were appointed in the – Yes, Your Honor. Thank you very much for your service. The court will be quiet. Thanks as well to the government. We'll take a case under review.